**REMAND/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-1231-GW(GJSx) | Date | July 29, 2015 |
|---|---|---|---|
| Title | *Eric Murphy, et al. v. Seneca Mortgage Servicing, LLC, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER RE COMPLAINT AND JURISDICTION**

On June 23, 2015, Eric Murphy and Glenda Murphy (collectively, "Plaintiffs") filed a "Notice of Removal" ("Notice") from a case pending in the Superior Court of California, County of San Bernardino (*Murphy v. Seneca Mortgage Servicing, LLC*, Case No. CIVDS1507473, ("State Action")). *See generally* Notice of Removal, Docket No. 1. Plaintiffs did not include a copy of the Complaint from the State Action nor evidence that Defendants were served with the Notice. *Id.* Plaintiffs did attach a "Complaint for: Writ of Error (coran nobis),"[1] which appears to be a complaint but does not address allegations against the named defendant. *Id*. Plaintiffs also filed a document titled "*Notice of Recision [*sic*] *Cease & Assist [*sic*] Demand *Silver Sale by Secretary of State *Temporary Restraining Order." *See* Mot. for TRO and Notice of Rescission ("Mot."), Docket No. 3. On June 24, 2015, the Court declined to issue a temporary restraining order. *See* Order Den. TRO, Docket No. 6.

This action is not removable to federal court by Plaintiffs because the right to remove is vested exclusively in defendants. *See Progressive W. Ins. Co. v. Preciado*, 479 F.3d 1014, 1017 (9th Cir. 2007); *see also Southland Corp. v. Estridge*, 456 F.Supp. 1296, 1300 (C.D. Cal. 1978) ("[R]emoval should be confined to a party who has not availed himself of the jurisdiction of the state courts"); 28 U.S.C. § 1441; Schwarzer, Tashima, et. al., California Practice Guide: Federal Civil Procedure Before Trial (2011) §§ 2:2245-2253 at 2D-11 to -12. Consequently, because Plaintiffs removed this action, it must be remanded to the Superior Court of California, County of San Bernardino.

---

[1] Writs of *coram nobis* were abolished in civil actions by Federal Rule of Civil Procedure 60. *See Asare v. Cal. Sup. Ct.*, No. CIV S-11-0330 EFB P, 2011 U.S. Dist. LEXIS 59521, at *1 (E.D. Cal. June 3, 2011); *see also* Fed. R. of Civ. P. 60(e).

                                                                                :
                                                Initials of Preparer    JG

*REMAND/JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-1231-GW(GJSx) | Date | July 29, 2015 |
|---|---|---|---|
| Title | *Eric Murphy, et al. v. Seneca Mortgage Servicing, LLC, et al.* | | |

    Aside from the foregoing defect, the action must be one over which the district courts could have had original jurisdiction. *See Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977) ("[A] federal court can exercise removal jurisdiction over a case only if it would have had jurisdiction over it as originally brought by the plaintiff"); *see also* 28 U.S.C. § 1441(a). Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). To determine jurisdiction, there must be "a short and plain statement of the grounds for the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(1)); *see also* 28 U.S.C. § 1446(a) (requiring "a short and plain statement of the grounds for removal"). Even if Plaintiffs had the capacity to remove this action, the Court can not find a basis for subject matter jurisdiction because Plaintiffs have not included a traditional complaint with the Notice, nor does there appear to be any "short and plain statement of the grounds for" the Court's jurisdiction in any of the paperwork they have submitted.

    The Court therefore *sua sponte* remands forthwith this action to the Superior Court of California, County of San Bernardino because an action filed in a state court is not removable by a plaintiff. The Court also vacates the Scheduling Conference set for August 17, 2015.

|  | : |
|---|---|
| Initials of Preparer | JG |